# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY BANK OF AMERICA MERRILL LYNCH TRUST 2016-C28, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2016-C28 c/o Greystone Servicing Company 5221 N. O'Connor Boulevard, Suite 800 Irving, TX 75039 <br><br> Plaintiff, <br><br> v. <br><br> PRINCETON OFFICE CENTER LLC 40 Airport Road Lakewood, NJ  08701 <br> Defendant. | No. 22-cv- |

## COMPLAINT IN MORTGAGE FORECLOSURE

1.  Plaintiff, U.S. Bank National Association, as Trustee for Morgan Stanley Bank of America Merrill Lynch Trust 2016-C28, Commercial Mortgage Pass-Through Certificates, Series 2016-C28, is the trustee of a REMIC trust. Plaintiff is a national banking association organized under the National Bank Act, which exists under the authority of the Office of the Comptroller of the Currency, and is deemed to be a citizen of the State of Ohio, with its principal place of business at 425 Walnut Street, Cincinnati, OH.

2. Plaintiff is the successor in interest to Morgan Stanley Bank, N.A. (the "Original Lender") in connection with the loan at issue in this action, as hereinafter defined.

3. Defendant Princeton Office Center LLC ("Defendant") is a Delaware limited liability company having its principal place of business at 40 Airport Road, Lakewood, NJ.

4. Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 as there exists complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00. Specifically, and upon information and belief, each of the members of Defendant is a limited liability company, the ultimate members of which are individuals and citizens of a state other than the State of Ohio and the amount due and owing on the loan at issue in this matter exceeds the sum of $75,000.00, exclusive of interest and costs, as more fully set forth in paragraph 25, below.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a substantial portion of the events giving rise to this action occurred in the State of New Jersey, the mortgage at issue in this action is governed by the laws of the State of New Jersey, and the subject property at issue in this case is situated in the State of New Jersey.

6. On or about March 26, 2015, Original Lender made a loan to Defendant in the original principal amount of $60,000,000.00 (the "Loan") pursuant to the

terms and conditions of and evidenced by that certain Promissory Note A in the original principal amount of $56,000,000.00 (the "A Note") and that certain Promissory Note B in the original principal amount of $4,000,000.00 (the "B Note"). A true and correct copy of the A Note is attached hereto and made a part hereof as **Exhibit "A"**. The B Note has been satisfied, and, accordingly, is not attached hereto.

7. On or about March 26, 2015, and as further evidence of the Loan, Defendant and Original Lender entered into that certain Loan Agreement (the "Loan Agreement"). On or about February 1, 2016 Defendant and Original Lender, among others, entered into that certain First Amendment to Loan Agreement (the "First Amendment"). A true and correct copy of the Loan Agreement is attached hereto and made a part hereof as **Exhibit "B"**. A true and correct copy of the First Amendment is attached hereto and made a part hereof as **Exhibit "C"**.

8. To secure payment of the sums due under, *inter alia*, the A Note, Defendant executed and delivered to Original Lender that certain Mortgage, Assignment of Leases and Rents and Security Agreement (the "Mortgage and Lease Assignment") dated March 26, 2015 and recorded on March 31, 2015 in Mortgage Book 11121, Page 919 in the Office of the Mercer County Recorder of Deeds (the "Recorder's Office"), and thereby mortgaged, granted, bargained, sold, pledged, assigned, warranted, transferred and conveyed to Original Lender the land hereinafter described, with the Mortgage having been first duly acknowledged and

the certificate of acknowledgement duly endorsed thereon. A true and correct copy of the Mortgage is attached hereto and made a part hereof as **Exhibit "D"**.

9. The legal description of the mortgaged premises (the "Mortgaged Premises") is set forth on **Exhibit "E"** hereto. The Mortgaged Premises is located at 100 and 200 Charles Ewing Boulevard, Block 255.04, Lots 1.01C-100 and 1.01C-200.

10. To further secure payment of the sums due under, *inter alia*, the A Note, on March 26, 2015 Defendant entered into that certain Cash Management Agreement (the "CMA") and associated Deposit Account Control Agreement ("DACA"). True and correct copies of the CMA and the DACA are attached hereto and made a part hereof collectively as **Exhibit "F"**.

11. To further secure payment of the sums due under, *inter alia*, the A Note, on March 26, 2015 Defendant entered into that certain Conditional Assignment of Management Agreement and Subordination of Management Agreement (the "Assignment and Subordination of Management Agreement"). A true and correct copy of the Assignment and Subordination of Management Agreement is attached hereto and made a part hereof as **Exhibit "G"**.

12. To further secure payment of the sums due under, *inter alia*, the A Note, on March 26, 2015 Defendant entered into that certain Conditional Assignment of Leasing Agreement and Subordination of Leasing Agreement (the Assignment and

Subordination of Leasing Agreement"). A true and correct copy of the Assignment and Subordination of Leasing Agreement is attached hereto and made a part hereof as **Exhibit "H"**.

13. To further secure payment of the sums due under, *inter alia*, the A Note, on March 16, 2015 Defendant provided Original Lender with a security interest in, *inter alia*, the buildings, structures, furniture, fixtures and things on the Mortgaged Premises, together with other items and things more fully identified in that certain UCC-1 Financing Statement (the "UCC-1") recorded on April 27, 2016 with the Recorder's Office as Instrument Number 2016019608. A true and correct copy of the UCC-1 is attached hereto and made a part hereof as **Exhibit "I"**.

14. The Mortgaged Premises, personal property and all other property, rights, interests, estates and collateral pledged as security under the Mortgage and Lease Assignment, CMA, DACA, Assignment and Subordination of Management Agreement, Assignment and Subordination of Leasing Agreement and UCC-1, are sometimes hereinafter collectively referred to as the "Mortgaged Property".

15. The Mortgage was assigned to Morgan Stanley Mortgage Capital Holdings LLC ("First Assignee") pursuant to that certain Assignment of Mortgage, Assignment of Leases and Rents and Security Agreement (the "Mortgage and Assignment of Leases Assignment"), recorded in the Recorder's Office on March 9, 2016 in Assignment Book 1174, Page 1428. A true and correct copy of the Mortgage

and Assignment of Leases Assignment is attached hereto and made a part hereof as **Exhibit "J"**.

16. The UCC-1 was assigned to Morgan Stanley Mortgage Capital Holdings LLC (the "UCC Assignment to First Assignee") pursuant to that certain UCC Financing Statement Amendment recorded in the Recorder's Office on May 9, 2016 as Instrument No. 2016021497. A true and correct copy of the UCC Assignment to First Assignee is attached hereto and made a part hereof as **Exhibit "K"**.

17. The Mortgage was assigned by First Assignee to Plaintiff herein pursuant to that certain Assignment of Mortgage, Assignment of Leases and Rents and Security Agreement (the "Further Assignment of Mortgage and Assignment of Leases Assignment") recorded in the Recorder's Office on March 9, 2016 in Assignment Book 1174, Page 1437. A true and correct copy of the Further Assignment of Mortgage and Assignment of Leases Assignment is attached hereto and made part hereof as **Exhibit "L"**.

18. The UCC-1 was assigned by First Assignee to Plaintiff pursuant to that certain UCC Financing Statement Amendment (the "Further UCC-3") recorded with the Recorder's Office on May 9, 2016 in U Book 223, Page 1957. A true and correct copy of the UCC-3 is attached hereto and made a part hereof as **Exhibit "M"**.

19. The A Note, Loan Agreement, Mortgage and Lease Assignment, CMA, DACA, Assignment and Subordination of Management Agreement, Assignment and Subordination of Leasing Agreement, UCC-1, Assignment of Mortgage and Assignment of Leases Assignment to First Assignee, UCC Assignment to First Assignee, Further Assignment of Mortgage and Assignment of Leases, Further UCC Assignment and all other documents evidencing and securing the Loan are sometimes referred to hereinafter collectively as the "Loan Documents".

20. Defendant is the real owner of the Mortgaged Property. The vesting deed for the Mortgaged Premises incorrectly identifies Defendant as Princeton Office Center, LLC.

21. Plaintiff has possession of the original A Note with allonges affixed thereto.

22. Defendant is in default of its obligations to Plaintiff under the Loan Documents by virtue of various events, including, without limitation, Defendant's failure to make payment when due of amounts payable on account of the Loan, and its failure to properly discharge its Financing Reporting obligations as defined in the Loan Agreement (the foregoing, together with any other event or events of default which have already occurred or which may occur hereafter are sometimes referred to as the "Defaults").

23. Accordingly, on March 7, 2022 Plaintiff declared the Loan in default and thereafter, on March 21, 2022 accelerated payment of the sums due under the Loan Documents (collectively, and as more fully defined in the Loan Agreement, the "Debt").

24. Payment of the balance of the Debt remains due and owing.

25. As of March 23, 2022, the following sums are due and owing under the Loan Documents:

| | |
|---|---|
| Principal: | $46,709,131.07 |
| Interest (Note Rate): | $ 262,738.86 |
| Interest (Default Rate): | $ 298,419.45 |
| Late Fees: | $ 36,221.18 |
| Yield Maintenance Premium: | $ 3,084,711.72 |
| Processing Fee: | $ 400.00 |
| Liquidation Fee: | $ 503,916.22 |
| Special Servicing Fee: | $ 14,272.24 |
| (Insurance Reserve): | $ (60,481.20) |
| (Tax Escrow): | $ (363,663.89) |
| (Condominium Reserve): | $( 52,779.00) |
| (Master Lease Reserve): | $( 101.01) |
| (Lease Termination Rollover Reserve): | $ (592,121.72) |

| | |
|---|---|
| (Rollover Reserve): | $ (793,360.64) |
| (Capital Expenditure Reserve): | $ (100,168.90) |
| (Cash Management): | $ (703,623.68) |
| Total: | $48,243,510.70 |

26. Notice under the Fair Foreclosure Act does not apply because the Mortgaged Premises is a commercial property.

27. The Defendant is a party herein because it is the obligor and mortgagor under the Loan Documents, and in order to extinguish any interest that Defendant has or may have in and to the Mortgaged Property.

28. Any interest or lien which Defendant has, or may claim to have, in or upon the Mortgaged Property, or any part thereof, is subject and subordinate to the lien of the Mortgage.

WHEREFORE, Plaintiff, U.S. Bank National Association, as Trustee for Morgan Stanley Bank of America Merrill Lynch Trust 2016-C28, Commercial Mortgage Pass-Through Certificates, Series 2016-C28 hereby demands judgment in its favor and against Defendant, Princeton Corporate Center LLC, as follows:

A. Foreclosing all right, title, lien and equity of redemption which Defendant, and all those claiming by, through or under it has or had in the Mortgaged Premises located at 100 and 200 Charles Ewing Boulevard, Block 255.04, Lots 1.01C-100 and 1.01C-200, Mercer County, Ewing Township, NJ together with any and all other

Mortgaged Property pledged as security for the sums due on the A Note, all as more fully evidenced by the Mortgage and Lease Assignment, UCC-1, CMA and DACA securing the Loan, together with any and all rights, interests, permits, estates and certificates benefitting or relating to the Mortgaged Property, and ordering that the Mortgaged Property be sold at foreclosure sale;

B.     Fixing the amount of the Debt due under the Note and the Mortgage as of March 23, 2022 at $48,243,510.70, together with continuing per diem interest thereon at the default rate of $11,742.1565 until the Mortgaged Property is sold at foreclosure sale, together with any and all other amounts advanced by Plaintiff after March 23, 2022 and until the Mortgaged Property has been sold at foreclosure sale, together with all attorneys' fees and costs incurred by Plaintiff in connection with the Defaults until the Mortgaged Property has been sold at foreclosure sale;

C.     Appointing a receiver to operate and manage the Mortgaged Premises and all other Mortgaged Property during the pendency of this action, and authorizing said receiver to make and conduct a public foreclosure sale of the Mortgaged Property pursuant to 28 U.S.C. § 2001, et seq.; and

D.     Ordering such other relief as this Honorable Court shall deem appropriate.

Dated: April 7, 2022         */s/ Richard A. O'Halloran, Esquire*
                                            Richard A. O'Halloran, Esquire
                                            Joshua M. Link, Esquire
                                            PA ID Nos. 41460/311695
                                            Dinsmore & Shohl LLP
                                            100 Berwyn Park
                                            850 Cassatt Road, Suite 110
                                            Berwyn, PA 19312
                                            Tel: (610) 408-6020
                                            Fax: (610) 408-6021
                                            richard.ohalloran@dinsmore.com
                                            joshua.link@dinsmore.com